## Connor v. Mitten Men and Management Bank and Trust Co. et al.

*John J. Cahill,* for plaintiff; *Warwick Potter Scott,* for defendants.

SMITH, P. J., April 2, 1933.—This matter arises out of a rule taken by The Real Estate-Land Title and Trust Company for payment of money out of court.

The plaintiff Ellen Connor brought a suit against Mitten Men and Management Bank and Trust Company to recover a certain sum which she claimed she there had on deposit and which it had refused to return. Mitten Men and Management Bank and Trust Company answered that it had no funds belonging to the plaintiff since it had paid to The Real Estate-Land Title and Trust Company, by its treasurer's check, a sum in the same amount to the order of the plaintiff; that the check was apparently endorsed by the plaintiff and that the subsequent endorsement of the same check by The Real Estate-Land Title and Trust Company followed the words stamped thereon: "previous endorsements guaranteed." In the action in assumpsit Mitten Men and Management Bank and Trust Company joined The Real Estate-Land Title and Trust Company as an additional defendant under the Act of April 10, 1929, P. L. 479. The Real Estate-Land Title and Trust Company filed an affidavit of defense admitting the allegations of Mitten Men and Management Bank and Trust Company. To this affidavit of defense Mitten Men and Management Bank and Trust Company entered a rule for judgment, which, on July 13, 1931, was made absolute by Alessandroni, J., with the condition "execution thereon to stay pending adjudication of the controversy between the plaintiff and the Mitten Men and Management Bank and Trust Company, original defendant:" 16 D. & C. 280. On August 6, 1931, The Real Estate-Land Title and Trust Company appealed from the said judgment to the Supreme Court. The Supreme Court continued the argument on the appeal until the original action had been disposed of. Mitten Men and Management Bank and Trust Company filed a bill of costs in the sum of $45.60, representing the cost of printing its paper book on the appeal, and on September 1, 1932, pursuant to an order of this court, The Real Estate-Land Title and Trust Company paid the said sum into court. The original action in assumpsit came on to trial and a verdict was given to Mitten Men and Management Bank and Trust Company. On December 1, 1932, the appeal between the two banks came up for argument in the Supreme Court and was, according to the docket entries, "dismissed at bar."

The Real Estate-Land Title and Trust Company has filed this rule for the purpose of having returned to it the sum of $45.60 deposited in court as aforesaid. On the pleadings the lower court properly entered the judgment against the additional defendant staying execution pending the determination of the original action. As to this judgment the Supreme Court took action: it dismissed the appeal thereto. That action fixes the status of the costs. They belong

to Mitten Men and Management Bank and Trust Company under the provisions of the Act of April 27, 1909, P. L. 263, 12 PS § 1193. As between the two banks, the losing party is The Real Estate-Land Title and Trust Company.

## Decree

And now, to wit, April 2, 1933, upon consideration of the within petition, answer and counter-petition, it is hereby ordered, adjudged and decreed that the sum of $45.60 heretofore paid into court, as from the record and docket entries more particularly appears, representing original defendant's costs of printing on appeal, together with any accruals of interest thereon, shall be paid out to the said original defendant, Mitten Men and Management Bank and Trust Company.